**Christopher Lee COBB, Petitioner,**

v.

**Otis THURMAN, Respondent.**

**No. SACV 94–663–GLT (EE).**

United States District Court, C.D. California.

Oct. 24, 1995.

Tracy L. Emblem, Escondido, CA, for Christopher Lee Cobb.

Frederick R. Millar, Jr., Janelle B. Davis, Office of Attorney General of California, San Diego, CA, for Otis Thurman.

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

TAYLOR, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the petition and all of the records and files herein. The Court adopts the findings and recommendations of the United States Magistrate Judge attached hereto and orders that judgment be entered denying the petition.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the reports and recommendations, and the Judgment herein by United States mail on all parties.

### FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

EDWARDS, United States Magistrate Judge.

This Final Report and Recommendation and the attached Report and Recommendation are submitted to the Honorable Gary L. Taylor, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

On October 6, 1995, the Clerk filed Notice Of Filing Of Magistrate Judge's Second Supplemental Report And Recommendation, which was served on the parties, together with a copy of the report and recommendation.

Petitioner has timely filed objections to the Second Supplemental Report and Recommendation. Having carefully considered the objections, the magistrate judge finds no good reason set forth for changing the recommendation.

Petitioner contends that the holding in *Turner v. Marshall,* 63 F.3d 807 (9th Cir. 1995), mandates that this Court grant the petition. The magistrate judge disagrees. In *Turner,* the Ninth Circuit remanded the case to the district court after finding that "the state court erred in failing to inquire into the prosecutor's reasons for the peremptory challenges." 63 F.3d at 814. In this case, and as set forth in the magistrate judge's original report and recommendation filed May 23, 1995 (at pages 5–8), the state court did inquire into the prosecutor's reasons for the peremptory challenges in ruling on defense counsel's motions. Although the prosecutor couched his argument, and the trial court couched its ultimate conclusion, as being that petitioner did not even make a prima facie showing, the record is clear that the prosecutor treated the court's inquiry as one requiring him to state race-neutral rea-sons for his challenge, and the prosecutor clearly did so.

Petitioner also argues that he should not have been expected to make a record at trial to prove that the prosecutor's peremptory challenges were racially motivated. Petitioner bases this contention on the fact that the California courts do not apply the analysis applied by the 9th Circuit, and so it would have been futile for him to make an offer of proof. This, however, ignores the fact that *most Batson* errors occur because the trial court erred in not following controlling authorities. The purpose of making a record is to give the trial court a chance to avoid error. Petitioner did not do so. That the alleged *Batson* error violated federal authorities rather than state authorities was irrelevant.

IT IS THEREFORE THE FINAL RECOMMENDATION that the Court approve these reports and recommendations and enter judgment denying the petition.

Dated: October 20, 1995.

### SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

EDWARDS, United States Magistrate Judge.

This second supplemental report and recommendation is submitted to the Honorable Gary L. Taylor, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### 1. Introduction.

On May 23, 1995, the magistrate judge filed a report and recommendation recommending that the petition herein be denied. A substantial issue in the petition was whether petitioner's rights under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) were denied at trial when the prosecutor exercised peremptory challenges to excuse several minority jurors. The report and recommendation noted that the prosecutor provided race-neutral explanations for the excusals and concluded that:

no other circumstances exist which ... raise any inference that the prosecutor used the peremptory challenges to excuse the jurors on the basis of their race.

(report and recommendation filed May 23, 1995, p. 7–8.)

Based on this conclusion, it was recommended that the petition be denied.

Petitioner filed objections to the report and recommendation setting out in great detail what he considered to be "other circumstances" that raised the inference that the prosecutor did give pretext reasons for dismissing the jurors and actually dismissed them based on their race. Specifically, petitioner filed objections on June 2, 1995, comparing the characteristics of white jurors that the prosecutor did not excuse with the characteristics of minority jurors that the prosecutor excused. Because it appeared that jurors having identical characteristics were excused or not excused depending on their race, the magistrate judge ordered further briefing on the *Batson* issue. Respondent filed his brief on June 23, 1995, and petitioner replied on July 14, 1995.

On August 16, 1995, the magistrate judge filed a supplemental report and recommendation. Noting that this is a close case, the report and recommendation concluded that:

> while the excusal of the black juror and one of the Hispanic jurors was justified by the reasons the prosecutor stated on the record, the excusal of the other 2 Hispanic jurors was not.

(supplemental report and recommendation filed August 16, 1995, p. 9.)

Having concluded that the portions of the transcripts cited by petitioner showed that the prosecutor's reasons for excusing 2 Hispanic jurors were pretextual in that white jurors having the same characteristics were not excused, the magistrate judge concluded that a *Batson* error had occurred and recommended that the petition be granted.

On August 29, 1995, respondent filed objections to the supplemental report and recommendation. The objections cite a new Supreme Court case, *Purkett v. Elem*, 514 U.S. ——, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). Although the issue remains a close one, the magistrate judge now concludes that the petition should be denied for reasons that follow.

## 2. Discussion.

Much of respondent's objections are based on the magistrate judge's acceptance of petitioner's use of comparative analysis to determine whether the prosecutor's stated reasons for excusing minority jurors were pretextual. Respondent argues at length that, in essence, it is unfair to test the California trial court's *Batson* analysis using a comparative analysis approach when California case law specifically does not require it. Respondent also argues that the 9th Circuit case of *U.S. v. Chinchilla*, 874 F.2d 695 (9th Cir.1989), upon which petitioner relies, should not be followed. Respondent's position is that *Chinchilla* involved a direct review on appeal in a federal trial, it was only a 2 to 1 split decision by the 9th Circuit, and it was criticized by Judge Kozinski in *Burks v. Borg*, 27 F.3d 1424 (9th Cir.1994). None of the objections stated is compelling standing alone. The fact that the trial judge was following state law would obviously be insufficient if state procedures were inadequate to satisfy federal constitutional requirements under *Batson*. Similarly, that *Chinchilla* was a 2 to 1 decision and that its reasoning might have been questioned in *Burks v. Borg* provide reasons for respondent to seek *en banc* review; however, they do not provide a legal basis for this Court to ignore the decision. The unfairness respondent complains of does, however, present a justifiable objection to the recommended granting of the petition in light of the Supreme Court's decision in *Purkett v. Elem*. In *Purkett*, the Supreme Court reviewed a petition for habeas corpus arising out of a state court conviction in circumstances generally analogous to this case. In reversing an 8th Circuit decision which had ordered the grant of a writ of habeas corpus, the Supreme Court stated:

> Under our *Batson* jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral

explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination. (emphasis supplied.)

*Purkett v. Elem, supra,* 514 U.S. at ——, 115 S.Ct. at 1770–71, 131 L.Ed.2d at 839.

The court went on to say:

The Court of Appeals erred by combining *Batson*'s second and third steps into one, requiring that the justification tendered at the second step be not just neutral but also at least minimally persuasive. . . . It is not until the *third* step that the persuasiveness of the justification becomes relevant—the step in which the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination. . . . **[T]he ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.** (emphasis supplied.)

*Id.*

In short, the Supreme Court made it clear that a *Batson* challenge is not to be treated as merely a trial objection on which the trial judge rules without conducting a structured, stepwise proceeding. This is further emphasized by the court's admonition that the outcome of a *Batson* challenge turns primarily on factual findings. *Id.* Moreover, the burden is on the opponent of the strike, i.e., the party making the *Batson* challenge, to *prove* purposeful discrimination.

It is also clear that the Supreme Court considers that the burden on the party making a *Batson* challenge is one that must be carried before the trial court, not before this Court. In other words, it is insufficient for petitioner to present facts, arguments, and contentions to this Court instead of presenting them to the trial judge. It was the trial judge who was required to make the finding as to whether petitioner met his burden of proving that there was purposeful discrimination. *Cf. Jones v. Gomez,* 66 F.3d 199, 201–02 (9th Cir.Cal.1995) (noting with approval that the trial court conducted a "comprehensive hearing" before deciding a *Batson* claim). This Court must therefore review the sufficiency of petitioner's presentation to the trial court after the prosecutor completed step 2 of the *Batson* procedure.

The record herein reflects that after the prosecutor stated race-neutral reasons for excusing certain jurors, the entire input from petitioner consisted of the following:

[petitioner's trial counsel]: Just to make the record clear, I am making a Wheeler motion and a motion for mistrial and asking the Court to call in a new panel. I think it is clear that [the prosecutor] was systematically excluding the black and the minorities. Mr. Davenport was perfectly innocuous. His answers were responsive. He indicated that he does have a profession. He was just currently unemployed. For the record, [petitioner] was employed at the time of this incident. I think the situation is that [the prosecutor] systematically uses his peremptory challenges to get rid of members of the race of the accused. Systematically getting rid of blacks and minorities in this case and I would again ask the Court to call for a new panel.

(Clerk's Transcript, p. 342.)

The only other input from petitioner near the time of the *Batson* challenge consisted essentially of a complaint by his counsel that in some other trials the same prosecutor had peremptorily excused some minority jurors. (Clerk's Transcript, p. 339.) The showing was utterly insufficient to carry the burden required in step 3: that petitioner *prove* purposeful discrimination.

### 3. Recommendation.

For the foregoing reasons, it is recommended that the Court approve the report and recommendation filed May 23, 1995 and this second supplemental report and recommendation, adopt the findings therein, and deny the petition. Because the magistrate judge's recommendation has changed, this second supplemental report and recommendation shall be served on the parties and they shall have the time permitted by Rule 72, F.R.Civ.P. to file any written objections.

Dated: October 5, 1995.